MEMORANDUM OPINION
 

 COBB, District Judge.
 

 This case centers around the alleged wrongdoing of certain state officials. The plaintiff alleges that members of the State’s Attorney General’s Office harassed him over child support payments which the plaintiff claims he does not owe. Mr. Campbell, the plaintiff, sued the state officials in both their official and individual capacities for violations of: (1) the Fair Credit Reporting Act [FCRA]; (2) Due Process under the Fourteenth Amendment; and (3) the Fair Debt Collection Act [FDCPA],
 

 On August 23, 1999 the defendants in this case filed a Motion for Partial Dismissal and for More Definite Statement based on various grounds.
 

 I. Motion to Dismiss
 

 A. Standard
 

 A motion to dismiss should not be granted unless it “appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.”
 
 Conley v. Gibson,
 
 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A motion to dismiss under rule 12(b)(6) “is viewed with disfavor and is rarely granted.”
 
 Kaiser Aluminum & Chem. Sales v. Avondale Shipyards,
 
 677 F.2d 1045, 1050 (5th Cir.1982). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true.
 
 Campbell v. Wells Fargo Bank,
 
 781 F.2d 440, 442 (5th Cir.1986). The standard under 12(b)(6) has been summarized as follows: “The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief.” 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1351, at 601 (1996).
 

 B. FCRA claims
 

 First, the defendants motion to dismiss states that the plaintiffs FCRA claim against the defendants in their official capacities is barred by Eleventh Amendment immunity. The defendants also aver that the FCRA does not create a private right of action for the violations the plaintiff alleges in his complaint.
 

 The plaintiffs official capacity claims against the defendants are for prospective injunctive relief only and do not seek retroactive relief or monetary relief of any kind. Accordingly, the Eleventh Amendment is not a bar to this type of action.
 
 Will v. Michigan Dep’t of State Police,
 
 491 U.S. 58, 71 n. 10, 109 S.Ct.
 
 *756
 
 2304, 105 L.Ed.2d 45 (1989) (“Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because ‘official-capacity actions for prospective relief are not treated as actions against the state.’ ”)
 
 (citing Kentucky v. Graham,
 
 473 U.S. 159, 167, n. 14, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985));
 
 Pennhurst State School v. Halderman,
 
 465 U.S. 89, 102-03, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).
 

 Furthermore, there is no authority supporting the proposition that the FCRA does not create a private right of action for the actions alleged in the complaint. Most of the responsibilities created by the FCRA are for consumer reporting agencies. The provisions that govern furnishers of information to consumer reporting agencies are contained in 15 U.S.C. § 1681s-2. There are provisions of the Act which give consumers causes of action against “persons” who violate the act.
 
 See
 
 15 U.S.C. § 1681n (“willful noncompliance”); 15 U.S.C. § 1681o (“negligent noncompliance”). These provisions do not apply “to any failure to comply with subsection (a) of’ 15 U.S.C. § 1681s-2 which deals with the duty of furnishers of information to provide accurate information. 15 U.S.C. § 1681s-2(c);
 
 Bacon v. Southwest Airlines Co.,
 
 No. 3:97-CV-2211-L, 1999 WL 134569 at *3 (N.D.Tex. March 5, 1999) (“only government officials are entitled to enforce [subsection a] of the FCRA”). However, individuals who violate subsection (b) of 15 U.S.C. § 1681s-2 are not exempted from civil liability. Thus, plaintiffs can bring suits against “persons” who do not comply with the provisions of the FCRA that deal with the proper methods to follow when there is a dispute as to the information provided. 15 U.S.C. § 1681s-2(b). „
 

 This is the exact situation in the present case. The plaintiff disputes the amount of child support payments which the defendants are reporting to credit agencies. The plaintiff has alleged that the defendants are reporting inaccurate information. This seems to be the type of conduct that Congress was referring to when it enacted 15 U.S.C. § 1681s-2(b). Therefore, the defendants Motion to Dismiss the FCRA claims on both grounds is denied.
 

 C. FDCPA claims
 

 The defendants also seek dismissal of plaintiffs FDCPA claims. The defendants base their argument on two grounds. Again, the defendants state that the FDCPA claims are barred by Eleventh Amendment immunity. The defendants also argue that the FDCPA does not create a private right of action against the defendants in their individual capacities.
 

 The FDCPA, 15 U.S.C. § 1692
 
 et seq.,
 
 was enacted to protect consumers from abusive debt collection practices by debt collectors. 15 U.S.C. § 1692(e). The Act prohibits harassing conduct or the making of deceptive representations in the collection of a debt. §§ 1692d and 1692e. The FDCPA creates a private right of action against “any debt collector.” 15 U.S.C. § 1692k. The statute’s reach is limited by the various definitions contained within the act.
 

 For instance, section 1692a(6) broadly defines a “debt collector” as “any person ... who regularly collects or attempts to collect ... debts.” 15 U.S.C. § 1692a(6). However, the section exempts officers or employees “of the United States or any State to the extent that collecting ... any debt is in the performance of his official duties.” 15 U.S.C. § 1692a(6)(c). The phrase “official duties” is the issue in this case. The defendants argue that this phrase signifies that Congress chose not to create a claim against state employees in their individual capacities. The plaintiff counters that this phrase is similar to a Section 1983 action and merely recognizes that in order to sue a state employee in his individual capacity it must be established that the employee “acted under the color of state law.”
 

 It is not necessary for the court to decide this issue. The scope of the FDCPA is limited in other ways as well. In order to prevail in an FDCPA cause of action, a
 
 *757
 
 plaintiff must establish that the alleged “debt” is covered by the Act. Debt is defined in § 1692a(5) as an “obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family or household purposes.”
 

 Courts have recognized that the case law interpreting the meaning of debt under the statute is “sparse.”
 
 Azar v. Hayter,
 
 874 F.Supp. 1314, 1317 (N.D.Fla.1995)
 
 (quoting Mabe v. G.C. Servs. Ltd. Partnership,
 
 32 F.3d 86, 88) (4th Cir.1994). Nevertheless, the courts have been unanimous in holding that child support payments are not a “debt” covered by the act.
 
 Mabe,
 
 32 F.3d at 88,
 
 Battye v. Child Support Servs.,
 
 873 F.Supp. 103, 105 (N.D.Ill.1994);
 
 Brown v. Child Support Advocates,
 
 878 F.Supp. 1451, 1454-55 (D.Utah 1994). The Fourth Circuit reasoned in
 
 Mabe :
 

 In the instant case, the appellants’ child support obligations arose out of an administrative support order issued by Virginia’s Department of Social Services (“DSS”). These obligations, therefore, do not qualify • as ‘debts’ under the FDCPA because they were not incurred to receive consumer goods or services. Rather, the DSS imposes these obligations upon appellants to force them to fulfill their parental duty to support their children.
 

 Id.
 
 at 88. I see no reason to differ with the well reasoned opinions of the other courts interpreting the FDCPA. Mr. Campbell’s obligations were not incurred as a “consumer.”
 

 Mr. Campbell simply cannot establish that the child support payments he allegedly owes are a “debt” covered by the Act. Thus, defendants Motion to Dismiss the FDCPA cause of action is granted.
 

 II. Plaintiffs Duty to Reply
 

 The defendants have also argued that the plaintiff should be required to replead his causes of actions since they have raised the defense of qualified immunity. The defendants cite the
 
 Schultea
 
 standard. 47 F.3d 1427, 1433 (5th Cir. 1995) (en banc).
 

 Although the plaintiff has specifically plead many facts which may overcome the defense of qualified immunity, the court is of the opinion that a repleading is necessary. At least some of the pleadings are factually inaccurate. For instance, plaintiff has alleged that Glen Elliot is an assistant attorney general which he is not.
 

 More specific pleadings may assist the court in determining whether or not the qualified immunity defense is valid. Furthermore, at a case management conference held on February 8, 2000 the court gave plaintiff permission to add a claim for declaratory judgment. A repleading will allow plaintiff to add this claim.
 

 III. Conclusion
 

 For the foregoing reasons, defendants’ Motion to Dismiss is granted in part and denied in part. The Motion for a More Definite Statement is granted.