**Diana D. POULSON Plaintiff**

v.

**TRANS UNION, LLC, CSC Credit Services, Inc., Equifax Information Services, LLC., Experian Information Solutions, Inc., Discover Financial Services, Inc., USAA Credit Card Bank, Sears Roebuck & Co., Inc. and Citibank [USA], N.A. Defendants**

No. 2:05 CV 75.

United States District Court,
E.D. Texas,
Marshall Division.

May 31, 2005.

David Anthony Szwak of Bodenheimer, Jones Szwak & Winchell, Shreveport, LA, for Plaintiffs.

Amanda Lynn Stamps Lewis of Strasburger & Price, Dallas, TX, for Defendants Trans Union, LLC.

Van Harold Beckwith, Jeffrey Wayne Moles and Chad Michael Pinson of Baker Botts, Dallas, TX, for CSC Credit Services Inc.

Gregg D. Stevens of McGlinchey Stafford, Dallas, TX, C. Ed Harrell of Hughes, Watters & Askanase, Houston, TX, for Citibank [USA] N.A. Discover Financial Services, Inc. and USAA Credit Card Bank.

Rickey Lawrence Faulkner of Brown McCarroll, Longview, TX, for Equifax Information Services.

Lucinda Warnett Andrew of Jones Day, Dallas, TX, for Experian Information Services.

Virgil Jay Youngblood, of Henslee Fowler Hepworth & Schwartz, Tyler, TX, for Sears Roebuck & Co., Inc.

## ORDER GRANTING CSC'S PARTIAL MOTION TO DISMISS

DAVIS, District Judge.

Before the Court is Defendant CSC Credit Services, Inc.'s ("Defendant" or "CSC") Partial Motion to Dismiss Plaintiff Diana D. Poulson's ("Plaintiff" or "Poulson") claim for injunctive relief (Docket No. 17). For the reasons set forth below, the Court **GRANTS** the motion. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court **DISMISSES**, with prejudice, Plaintiff's claims for injunctive relief.

### BACKGROUND

Plaintiff alleges that CSC and other consumer credit reporting agencies reported inaccurate information on her credit re-

ports and failed to correct these inaccuracies, even after reinvestigation. Plaintiff brings various Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.,* and state law claims. CSC argues that Plaintiff's claims for injunctive relief are barred by the FCRA.

## APPLICABLE LAW

Dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate where a party fails to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion to dismiss, the court construes the complaint in favor of the plaintiff and all facts pleaded are taken to be true, no matter how improbable those facts. *See Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Lowrey v. Texas A & M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir.1997). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). However, "in order to avoid dismissal for failure to state a claim ... a plaintiff·must plead specific facts, not mere conclusory allegations." *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir.2000). A court "will thus not accept as true conclusory allegations or unwarranted deductions of fact." *Id.*

## ANALYSIS

FCRA was enacted "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4). The parties do not dispute, and other courts have concluded, that CSC is a consumer reporting agency, as defined by 15 U.S.C. § 1681a (f). *See, e.g., Washington v. CSC Credit Services, Inc.,* 199 F.3d 263, 265 (5th Cir.2000)("FCRA governs consumer reporting agencies like ... CSC").

Plaintiff seeks injunctive relief against CSC and the other defendant consumer reporting agencies in this case. However, the Fifth Circuit has unequivocally stated that private litigants may not seek injunctive relief against consumer reporting agencies. *See Washington,* 199 F.3d at 268 ("Congress vested the power to obtain injunctive relief solely with the FTC"). Private litigants are limited to the remedies laid out in 15 U.S.C. §§ 1681*n*, 1681*o*. Those remedies include statutory, actual, and punitive damages, as well as attorney's fees. *See* 15 U.S.C. §§ 1681*n*, 1681*o*. Conspicuously absent is the availability of injunctive or equitable relief. The Court therefore dismisses, with prejudice, Poulson's claims for injunctive relief.

Poulson argues that because FCRA does not entirely preempt state credit reporting laws, her claims for injunctive relief should be permitted as a matter of state or common law. However, FCRA preempts state laws to the extent those laws are inconsistent with FCRA. *See* 15 U.S.C. §§ 1681*t* (a). Thus, even if Poulson could, as a matter of Texas law, bring a claim for injunctive relief, that claim would be dismissed since the present case involves FCRA claims and since FCRA prohibits private litigants from seeking injunctive relief.

## CONCLUSION

The Court concludes that to the extent Poulson is seeking injunctive relief in any of her claims, those claims must be dismissed. The Court accordingly **GRANTS** CSC's partial motion to dismiss and **DISMISSES** with prejudice Poulson's claims for injunctive relief.