**Vilma SMITH f/k/a/ Vilma Escobedo, Plaintiff,**

v.

**EQUIFAX INFORMATION SERVICES, LLC, and CSC Credit Services, Inc., and Trans Union, LLC a/k/a Trans Union Corporation, and Lease Finance Group Limited Partnership a/k/a Citifinancial USA, Inc. a/k/a CIT Group, Inc., a/k/a The CIT Group/Consumer Finance, Inc., Defendants.**

**Civil Action No. 2:07–CV–227–DF.**

United States District Court,
E.D. Texas,
Marshall Division.

Nov. 15, 2007.

---

David Anthony Szwak, Bodenheimer Jones & Szwak, Shreveport, LA, Russell Van Beustring, Attorney at Law, Houston, TX, for Plaintiff.

Barry Goheen, John Anthony Love, King & Spalding, Atlanta, GA, Jeremiah Johnson Anderson, King & Spalding, Houston, TX, James Wallace Bristow, Baker Botts, Steven Thomas Holmes, Hunton & Williams, Dallas, TX, Matthew Kasey Ratliff, Strasburger & Price, Frisco, TX, for Defendants.

## ORDER

DAVID FOLSOMO, District Judge.

Before the Court is Defendant CSC Credit Services, Inc.'s ("CSC") Partial Motion to Dismiss Plaintiff's request for injunctive relief. Dkt. No. 10. Also before the Court are Plaintiff's response and Defendant's reply. Dkt. Nos. 13 & 14, respectively. Having considered all of the relevant papers and pleadings, the Court finds that Defendant's motion should be **GRANTED**.

### I. BACKGROUND

Sometime before April of 2002, a defrauder assumed Plaintiff's identity and used Plaintiff's information to make applications for extensions of credit. Dkt. No. 1. at ¶ 17. Thereafter, throughout 2002, the defrauder entered into multiple leases with the CIT Group/Consumer Finance, Inc. ("CIT") using Plaintiff's identity. *Id.* at ¶ 18. In several instances, from 2005 to 2006, Plaintiff was unable to obtain credit or loans from various institutions due to allegedly false reports generated and provided by the national credit reporting agencies—Trans Union L.L.C. ("Trans Union"), CSC Credit Services, Inc. ("CSC"), and Equifax Information Services, L.L.C. ("Equifax"). *Id.* at ¶ 20–39.

Plaintiff brings this action against the financial institution CIT and the consumer reporting agencies-Trans Union, CSC, and Equifax under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). *Id.* at 1. In addition to damages and attorney fees, Plaintiff requests that the Court order the Defendants to reinvestigate and correct the credit report(s) and credit history of Plaintiff. *Id.* at ¶ 133.

## II. PARTIES POSITIONS

Defendant CSC moves to dismiss Plaintiff's request for injunctive relief. Dkt. No. 10. Defendant argues that "private plaintiffs cannot seek injunctive relief against a credit reporting agency like CSC" under the FCRA. *Id.* at 3. Defendant further argues that "Plaintiff's request for injunctive relief is an attempt to circumvent [the] qualified immunity [provided to consumer reporting agencies under § 1681h(e)] and impose obligations on CSC beyond those required by the [FCRA]." *Id.* at 7–8.

Plaintiff responds that Defendant's motion for partial dismissal should be denied since there is a split in the Circuits as to whether a private right of action exists for injunctive relief under the FCRA. Dkt. No. 13 at 2; *Compare Washington v. CSC Credit Services, Inc.,* 199 F.3d 263, 268 (5th Cir.2000) with *Crabill v. Trans Union,* 259 F.3d 662, 664 (7th Cir.2001). Plaintiff further argues that state law claims for injunctive relief exist under Texas law, and that such relief is not preempted by the FCRA. *Id.* at 7–10. Plaintiff claims that defendant is not provided qualified immunity under § 1681h(e) since only disclosures under §§ 1681g, 1681h, and 1681m are protected under this provision. *Id.* at 10–15. Similarly, Plaintiff claims that § 1681t(b)(1)(F) does not operate to preempt all state law claims. *Id.* at 15–21.

Defendant replies that the Fifth Circuit law clearly states that private litigants cannot obtain injunctive relief in a FCRA case and both Judge Davis and Judge Ward of this Court have dismissed the plaintiff's injunctive relief claim following the precedent. Dkt. No. 14 at 2–4. Defendant submits that Plaintiff's argument that state law claims are not completely preempted by §§ 1681h(e) and 1681t(b)(1)(F) is irrelevant since the only question presented is whether private litigants may seek injunctive relief in a FCRA case. *Id.* at 7–8. Defendant argues that injunctive relief under state law is preempted when brought against a credit reporting agency, since such relief is inconsistent with the FCRA. *Id.* at 8.

## III. LEGAL PRINCIPLES

When deciding a motion to dismiss for failure to state a claim, the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank,* 781 F.2d 440, 442 (5th Cir. 1986). The district court may not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Southern Christian Leadership Conference v. Supreme Court,* 252 F.3d 781, 786 (5th Cir.2001) (quoting *Fernandez–Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir.1993)). "[A] complaint ... must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Banks v. Nat'l Collegiate Athletic Ass'n,* 977 F.2d 1081, 1093 (7th Cir.1992) (citation omitted).

## IV. DISCUSSION

■ It is established in the Fifth Circuit that a private litigant may not maintain an injunctive relief claim against a consumer reporting agency [1] under the FCRA.

---

1. It is undisputed that Defendant CSC is a consumer reporting agency subject to the FCRA. *See* Dkt. No. 13 at 2.

*Washington v. CSC Credit Services, Inc.,* 199 F.3d at 268; followed by *Poulson v. Trans Union et al.,* 370 F.Supp.2d 592, 593 (E.D.Tex.2005) (dismissing Plaintiff's claims for injunctive relief on the basis that private litigants may not seek injunctive relief against consumer reporting agencies). Reading sections 1861n–1861o and 1861s of the FCRA together, the Fifth Circuit found that:

> [T]he affirmative grant of power to the FTC to pursue injunctive relief, coupled with the absence of a similar grant to private litigants when they are expressly granted the right to obtain damages and other relief, persuasively demonstrates that Congress vested the power to obtain injunctive relief solely with the FTC.

*Washington v. CSC Credit Services, Inc.,* 199 F.3d at 268.

 Plaintiff, however, claims that it maintains a state law claim for injunctive relief against CSC that is not preempted by the FCRA. Dkt. No. 13 at 9. The Court finds Plaintiff's arguments unpersuasive. "[The] FCRA preempts state law to the extent that those laws are inconsistent with FCRA." *Poulson v. Trans Union, LLC,* 370 F.Supp.2d at 593 citing 15 U.S.C. § 1681t(a). Since Congress intended the power to obtain injunctive relief to lie solely with the FTC, any state law claim that would provide injunctive relief to a private litigant would frustrate this purpose and conflict with the FRCA. *See Washington v. CSC Credit Services, Inc.,* 199 F.3d at 268–69; *Poulson v. Trans Union et al.,* 370 F.Supp.2d at 593 ("[E]ven if [plaintiff] could, as a matter of Texas law, bring a claim for injunctive relief, that claim would be dismissed since the present case involves FCRA claims and since FCRA prohibits private litigants from seeking injunctive relief").

Although Plaintiff argues that this Court has upheld a private right to pursue injunctive relief under the FRCA, the Court finds that *Campbell v. Baldwin* is distinguishable. *Campbell v. Baldwin,* 90 F.Supp.2d 754 (E.D.Tex.2000). In *Campbell,* the Court only held that the Eleventh Amendment was not a bar to injunctive relief under the FCRA. *Campbell v. Baldwin,* 90 F.Supp.2d at 755–56. Moreover, Campbell dealt with the "duty of furnishers of information" governed by section 1681s–2 which is not subject to the civil liability provisions—section 1681n and 1681o.[2] *See Campbell v. Baldwin,* 90 F.Supp.2d at 756.

Plaintiff's reliance on *Williams v. Experian Information Solutions,* and *Whitesides v. Equifax and Roybal v. Equifax* is likewise misplaced. *Williams v. Experian Information Solutions,* 2002 WL 31133235 (E.D.Tex. Aug. 6, 2002); *Whitesides v. Equifax,* 125 F.Supp.2d 807 (W.D.La. 2000); *Roybal v. Equifax,* 2006 WL 902276 (E.D.Cal. Apr. 4, 2006). All three cases involve § 1681h(e), which as Plaintiff states, is a "grant of protection for disclosures mandated under Section 1681g, 1681h and 1681m." Dkt. No. 13 at 12 *quoting Roybal v. Equifax,* 2006 WL 902276 at *4. Even if Plaintiff is correct in stating that CSC is not provided immunity through § 1681h(e)[3], this section is irrelevant for the purpose of deciding whether a

---

2. Similarly, the Court notes that 15 U.S.C. § 1681t(b)(1)(F) is inapplicable here as the claim at issue is raised against a consumer reporting agency and not "persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b)(*l*)(F).

3. Plaintiff argues that immunity pursuant to this section would only be provided to the extent that the claims are based upon disclosures by the consumer reporting agency or users of a consumer report to the consumer and would not reach disclosures by a consumer reporting agency to a user of a consumer report. *See* Dkt. No. 13 at 13–15.

private litigant is precluded from this particular remedy that is injunctive relief.

Thus, the Court finds that the FRCA preempts injunctive relief under state law and holds that Plaintiff's claim for injunctive relief against Defendant CSC should be dismissed.

## V. CONCLUSION

For all of the foregoing reasons, Defendant CSC's Partial Motion to Dismiss (Dkt. No. 10) is hereby **GRANTED.**