**Ronald L. OLEXY, Plaintiff,**

v.

**INTERSTATE ASSURANCE COMPANY, Defendant.**

**No. CIV. A. 3:00CV484LN.**

United States District Court,
S.D. Mississippi,
Jackson Division.

Aug. 25, 2000.

Michael E. Earwood, Fox & Earwood, Jackson, MS, for Plaintiff.

Robert M. Frey, Mary Margaret Sams, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, MS, for Defendant.

*MEMORANDUM OPINION
AND ORDER*

TOM S. LEE, District Judge.

This cause is before the court on the motion of defendant Interstate Assurance Company to dismiss. Plaintiff Ronald L. Olexy has responded to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that defendant's motion is well taken and should be granted.

Plaintiff Olexy filed this lawsuit in state court asserting a number of claims based on his contention that defendant Interstate published and reported to a credit reporting agency, Vector One, a false claim of indebtedness alleged to be due from Olexy, Specifically, he asserted claims for willful, malicious and intentional interference with contract, business relation and prospective advantage; fraud; defamation; intentional infliction of emotional distress; and violation of the Fair Credit Reporting Act (FCRA). Plaintiff demanded injunctive relief and monetary damages of more than $11 million. Defendant timely removed the case to this court on the basis of both diversity of citizenship under 28 U.S.C. § 1332 and federal question jurisdiction, 28 U.S.C. § 1331. Interstate has now moved to dismiss plaintiff's complaint on the bases that (1) because plaintiff's causes of action accrued prior to his Chapter 7 bankruptcy filing and were not scheduled and hence never abandoned by the bankruptcy trustee, then he has no standing to prosecute this suit as standing is vested solely in the bankruptcy trustee, who is the real party in interest; (2) because plaintiff knew of his claim against Interstate but did not schedule any potential claim against Interstate in his bankruptcy case, he is equitably estopped from pursuing his claims; (3) all of his state causes of action are preempted by the FCRA; and (4) there is no private cause of action under the FCRA for the violation alleged in Count VI of the complaint.

■ It is undisputed that the causes of action against Interstate on which the complaint is based arose prepetition, and it is thus true, as defendant contends, that the bankruptcy trustee is the sole real party interest with standing to pursue a cause of action as to the claims alleged in the complaint. *See Lawrence v. Jackson Mack Sales, Inc.*, 837 F.Supp. 771, 779 (S.D.Miss.1992), *aff'd*, 42 F.3d 642 (5th Cir. 1992) (claims accruing prior to filing of bankruptcy petition become property of estate and "may only be prosecuted by the trustee of the bankruptcy estate, the real party in interest under Rule 17(a)").[1] For his part, plaintiff acknowledges that the trustee may have an interest, and suggests that while the trustee should perhaps be joined as a party plaintiff, plaintiff should be permitted to remain a party. However, this court has specifically rejected an argument that a trustee should be joined as a co-plaintiff rather that being substituted as the plaintiff for the very reason that a "prepetition claim belongs to the estate and can only be prosecuted by the trustee alone". *Craft–Co v. Kyser Enterprises, Inc.*, No. 3:98CV668LN (S.D.Miss. Oct. 14, 1999); *see also Lawrence*, 837 F.Supp. at 779; *Davis v. Avco Finance*, 158 B.R. 1000, 1002 (Bankr.N.D.Ind.1993) (debtors who failed to schedule prepetition Fair Debt Collections Practice Act claim lacked standing to prosecute civil action, and bankruptcy trustee was proper party to pursue claim). The court, however, will not dismiss the action on this basis at this time, but rather will direct that the trustee of Olexy's bankruptcy estate be given notice of the lawsuit and of this order, and that he notify the court by September 25,

1. Rule 17(a) provides, in pertinent part, that [n]o action shall be dismissed on the ground that it is not being prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification shall have the same effect as if the action had commenced in the name of the real party in interest.

2000 whether he desires to move to reopen the bankruptcy estate and be substituted as the party plaintiff in this case or whether he intends to seek abandonment of the claim.[2]

█ In concluding that such notice should be given, the court has taken into consideration of defendant's further argument that regardless of whether there is or could be a proper party plaintiff, the complaint fails to state a cognizable claim for relief in any event so that the case should be dismissed outright. The court, though, is not persuaded that this is so. Defendant is certainly correct that " § 1681s–2(d) grants the FTC exclusive enforcement power over ... subsection 1681s–2(a)," which imposes a duty on "furnishers of information" to provide accurate information to consumer reporting agencies. *Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263, 269 n. 5 (5th Cir.2000); *see also* § 1681s–2(d) ("Subsection (a) of this section shall be enforced exclusively under section § 1681s of this title by the Federal agencies and officials and the State officials identified in that section."); § 1681s–2(a) ("A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or consciously avoids knowing that the information is inaccurate."). However, that count of plaintiff's complaint alleging a violation of the FCRA does not specify which provision of the FCRA he claims was violated, and the factual allegations of the complaint can be read as suggesting that a cause of action is being asserted under § 1681s–2(b), which imposes a duty to investigate and report incomplete or inaccurate information to consumer reporting agencies upon notice of a dispute.[3] And while there is no question but that there is no private right of action for a violation of subsection (a) of § 1681s–2, numerous courts have held that

2. If given notice of the claim, the trustee could choose to abandon the claim, pursuant to 11 U.S.C. § 554, which provides as follows:

   (a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

   (b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

   (c) Unless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.

   (d) Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains the property of the estate.

   Should a decision be made by the trustee or bankruptcy court to allow abandonment, an issue would arise as to whether plaintiff would be permitted to proceed with the case or whether he would be equitably estopped as a result of his having failed to schedule the claim—a failure which defendant urges was intentional, particularly given that plaintiff's attorney had threatened legal action against defendant before plaintiff filed his bankruptcy petition and filed his complaint in this cause a mere three weeks after the bankruptcy was closed. *See Coastal Plains, Inc. v. Mims*, 179 F.3d 197, 207–08 (5th Cir.1999) (invoking judicial estoppel to prevent party who failed to disclose claim in bankruptcy proceedings from asserting that claim after bankruptcy case was closed). However, the court will not undertake to resolve that issue unless and/or until the claim is abandoned.

3. Under § 1681s–2(b), upon receiving notice of a dispute from a consumer reporting agency, the furnisher of information must:

   (A) conduct an investigation with respect to the disputed information;

   (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

   (C) report the results of the investigation to the consumer reporting agency; and

   (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

   The furnisher of information must complete these acts within the prescribed time limit. 15 U.S.C. § 1681s–2(b)(2).

the FCRA *does* provide a private right of action by a consumer for a violation of subsection (b) of § 1681s–2. *See, e.g., DiMezza v. First USA Bank, Inc.,* 103 F.Supp.2d 1296, 1299 ("[B]oth the plain meaning [of the statute] and the legislative purpose [in passing the statute] lead to the single conclusion that a consumer has a private right of action against the furnisher of information for violations of § 1681s–2(b)"); *Dornhecker v. Ameritech Corp.,* 99 F.Supp.2d 918, 927 ("The Fair Credit Reporting Act (FCRA) provides individual consumers with a private right of action against a furnisher of credit information for failing to properly comply with its investigative duties once it has received notice of a dispute from a credit reporting agency."); *Campbell v. Baldwin,* 90 F.Supp.2d 754, 756 (E.D.Tex.2000) ("[P]laintiffs can bring suits against 'persons' who do not comply with the provisions of the FCRA that deal with the proper methods to follow when there is a dispute as to the information provided," namely, 15 U.S.C. § 1681s–2(b)).

Based on the foregoing, it is ordered that defendant's motion to dismiss is denied. It is further ordered that the clerk of the court shall send a copy of this order to Derek Henderson, Trustee for the bankruptcy estate of Ronald L. Olexy, at 111 East Capitol Street, Suite 455, Jackson, Mississippi 39201, and that by September 25, 2000, the trustee shall notify this court whether he desires to be substituted as the party plaintiff.