**James Lamar RILEY, Plaintiff,**

v.

**GENERAL MOTORS ACCEPTANCE CORPORATION, a/k/a GMAC South Bend, et al., Defendants.**

No. CIV.A.01–0869–CG–S.

United States District Court,
S.D. Alabama.
Southern Division.

Oct. 17, 2002.

Richard D.C. Nix, Nix & Nix, Evergreen, AL, David A. Szwak, Bodenheimer, Jones & Szwak, Shreveport, LA, for Plaintiffs.

Floyd D. Gaines, Andrew Philip Walsh, Gunther Gaines, LLC, Birmingham, AL, Robin G. Laurie, JoClaudia Mitchum Moore, Balch & Bingham, Montgomery, AL, Wilson F. Green, Burr & Forman, Birmingham, AL, William Lee Howell, William Luther Chandler Poole, Esq., William Howell, P.A., Mobile, AL, David F. Daniell, Esq., Daniell, Upton, Perry & Morris, P.C., Daphne, AL, James C. Johnston, Mobile, AL, Hope Thai Stewart, Bradley, Arant, Rose & White, Birmingham, AL, Edward G. Bowron, Pierce, Ledyard, Latta, Wasden & Bowron, P.C., Mobile, AL, for Defendants.

## ORDER

GRANADE, District Judge.

This cause is before the court on the motions of defendants GMAC South Bend and GMAC Indianapolis (collectively "GMAC") for dismissal of state law claims and responses thereto.[1] (Docs.6, 7, 16, 17, 39, 40, 56.) Upon consideration of all matters presented, the court concludes that GMAC's motions to dismiss state law and 15 U.S.C. § 1681s–2(a) claims are due to be granted.

## I. BACKGROUND

On December 12, 2001, the plaintiff filed eight lawsuits in this court under 15 U.S.C. § 1681s–2(b), asserting that the defendants violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, and also asserting various related state law claims such as negligence, defamation, invasion of privacy, and outrage. Each complaint numbers 43 paragraphs and, with the exception of paragraph nine, are identically worded. In each case, paragraph nine contains specific, defendant-related ac-

---

1. The separate, virtually identical motions were filed before this case was consolidated and do not warrant separate analysis. The motions and responses will therefore be considered and ruled upon jointly.

count numbers and alleges that plaintiff began to dispute allegedly erroneous credit reports with Equifax Information Services, Inc., and/or Experian Information Solutions, Inc., Trans Union, LLC, and its affiliate bureau, Gulf Coast Credit Services beginning in January 2000. (*See* Complaints, ¶ 9, respectively.) Otherwise, the complaints all allege that the credit reporting agencies notified the defendants of the disputed claims, that the agencies requested the defendants re-investigate the disputed claims, and that the defendants failed or refused to investigate and continued to report inaccurate information. (Complaints, ¶¶ 11–14.) The plaintiff alleges that GMAC willfully or negligently violated the mandates of 15 U.S.C. § 1681s–2(b). (Docs. 1 and 13, ¶¶ 14–17). The plaintiff further alleges that GMAC "likewise violated the mandates of section 1681s–2(a) and such violations form the basis of a negligence per se claim and an intentional tort, per se." (*Id.*, at ¶ 17.) The plaintiff goes on in paragraphs 18–44 to allege what appear largely to be state law claims such as negligence, defamation, invasion of privacy, and intentional infliction of emotion distress[2]

## II. STATEMENT OF THE LAW

A court should dismiss a complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). A Rule 12(b)(6) motion questions the legal sufficiency of a complaint. In assessing the merits of Rule 12(b)(6) motion, the

court must assume that all the factual allegations set forth in the complaint are true. *See, e.g. United States v. Gaubert,* 499 U.S. 315, 327, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991). Dismissal should be granted pursuant to Rule 12(b)(6) if a complaint lacks an allegation regarding an element necessary to obtain relief. *See Pyles v. United Air Lines, Inc.,* 79 F.3d 1046, 1049 (11th Cir.1996); *Quiller v. Barclays American/Credit, Inc.,* 727 F.2d 1067, 1069 (11th Cir.1984), *adhered to en banc,* 764 F.2d 1400 (11th Cir.1985), *cert. denied,* 476 U.S. 1124, 106 S.Ct. 1992, 90 L.Ed.2d 673 (1986).

## III. DISCUSSION

GMAC's motions to dismiss are based on the doctrine of preemption: GMAC argues that Congress enacted 15 U.S.C. § 1681s–2(b) as the exclusive remedy for private causes of action against furnishers of credit information. The court agrees.

### A. Overview

This case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* As the Eleventh Circuit has described the Act,

> When Congress enacted the FCRA in 1970, it recognized the "vital role" that credit reporting agencies assume in our economic system. 15 U.S.C.A. § 1681(a)(3) (West 1997). The FCRA reflects Congress's concern with the "need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C.A. § 1681(a)(4). The

---

**2.** The court consolidated all eight cases pursuant to Fed.R.Civ.P. 42(a) on April 1, 2002. The citation to document one (complaint against GMAC Indianapolis) is identical to all of the corresponding numbered paragraphs in the other complaints in this case. *See* Docs.

13 (GMAC South Bend), 21 (FCJV Inc.), 24 (Discover Financial Services, Inc.), 32 (Mazda American Credit Corp.), 34 (Memphis Light, Gas & Water Co.), 52 (Household Bank (SB), N.A.), and 53 (AmSouth Bank).

FCRA seeks to promote the credit reporting industry's responsible dissemination of accurate and relevant information. See 15 U.S.C.A. § 1681(b)....
The willful or negligent failure to comply with any of the FCRA's requirements may give rise to civil liability. See 15 U.S.C.A. §§ 1681n–1681p.

*Yang v. Government Employees Ins. Co.,* 146 F.3d 1320, 1322 (11th Cir.1998). "In 1996, Congress amended the FCRA to impose duties upon persons who furnish information to credit reporting agencies [ ]. *See* 15 U.S.C. § 1681s–2. Prior to these amendments, the FCRA did not impose any duties on those furnishing information to credit reporting agencies." *Ryan v. Trans Union Corp.,* 2000 WL 1100440, *1 (N.D.Ill.2000). As furnishers of information to credit reporting agencies, both GMAC defendants fall under the provisions of the 1996 FCRA amendments.

### B. § 1681s–2(a)

Before proceeding to analysis of § 1681s–2(b), the court must first address plaintiff's allegations in paragraph 17 of the complaints against GMAC. The plaintiff alleges that "Defendant likewise violated the mandates of section 1681s–2(a) and such violations form the basis of a negligence per se claim and an intentional tort per se." The preliminary question of standing prevents the court from reaching the question of whether violations of 1681s–2(a) may constitute "negligence per se" or "intentional tort, per se" claims under Alabama law.

There is no private cause of action under 15 U.S.C. § 1681s–2(a). This is clear from the language of 15 U.S.C. § 1681s–2(c), which states, "Sections 1681n and 1681o of this title [providing for civil liability for willful or negligent noncompliance with the FCRA] do not apply to any failure to comply with subsection (a) of this section, except as provided in section 1681s(c)(1)(B) of this title [providing for civil actions filed

by the chief law enforcement officer of a State or other such official]." 15 U.S.C. § 1681s–2(c)(West 2002). The limitation is more clearly stated in § 1681s–2(d): "Subsection (a) of this section shall be enforced exclusively under section § 1681s of this title by the Federal agencies and officials and the State officials identified in that section." Thus, because he is not the Attorney General of Alabama or an appropriate federal official, the plaintiff has no standing to allege claims under 1681s–2(a) against FCRA. *See Aklagi v. Nationscredit Financial,* 196 F.Supp.2d 1186, 1192 (D.Kan.2002)("[B]ecause of [§ 1681s–2] subsections (c) and (d), the [plaintiffs] have no private cause of action for [defendant/credit information furnisher's] arguable violations of [§ 1681s–2] subsection (a)."); *Yelder v. Credit Bureau of Montgomery, L.L.C.,* 131 F.Supp.2d 1275, 1283 (M.D.Ala.2001)("[Plaintiff's FCRA] claim fails because no private right of action exists for a violation of § 1681s–2(a)"); *Fino v. Key Bank of New York,* 2001 WL 849700 *4 (W.D.Pa.2001)("*There is no private right of action* for a violation of [§ 1681s–2(a) ]." (emphasis in original)); *Quigley v. Pennsylvania Higher Education Assistance Agency,* 2000 WL 1721069 *2 (N.D.Cal.2000)(In suit filed under 1681s–2(a), concluding that "plaintiff does not have a private right of action under the FCRA against [defendant] as a furnisher of information to consumer reporting agencies."); *DiMezza v. First USA Bank, Inc.,* 103 F.Supp.2d 1296, 1299 (D.N.M.2000)("It is without doubt, ... that § 1681s–2(d) under the subtitle defining the duties of furnishers of information, by its language, exclusively limits enforcement of the accurate information provisions under § 1681s–2(a) to federal and state officers thus precluding any action under sections 1681n and 1681o.").

■ The court finds no reported authority confronting the first issue before this court: an allegation that violations of § 1681s–2(a) form the basis for state law "negligence per se or intentional tort, per se" claims. Either no federal court has confronted a similarly pled complaint or the proposition is so fundamental that no court has bothered to publish on the issue. In any case, this court holds that where the plaintiff has no private cause of action under § 1681s–2(a), the plaintiff cannot allege violations of 1681s–2(a) as the basis for state law claims. Accordingly, all state law claims based on alleged violations of § 1681s–2(a) are **DISMISSED**.

### C. § 1681s–2(b)

Having dismissed any claims related to 1681s–2(a), the court must analyze the interplay of plaintiff's remaining FCRA claims and plaintiff's state law claims for purposes of preemption. Plaintiff's only viable FCRA claims are asserted in paragraphs 14–16 of the GMAC (and all other) complaints, in which the plaintiff alleges that GMAC violated 15 U.S.C.1681s–2(b). That statute provides,

(b) Duties of furnishers of information upon notice of dispute

(1) In general

After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

(C) report the results of the investigation to the consumer reporting agency; and

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

(2) Deadline

A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 1681i(a)(1) of this title within which the consumer reporting agency is required to complete actions required by that section regarding that information.

15 U.S.C. § 1681s–2(b)(West 2002).[3]

GMAC's argues that all of plaintiff's state law claims are preempted under the FCRA. The statutory explanation of the FCRA's relationship to state law is found in 15 U.S.C. § 1681t, which provides,

(a) In general

Except as provided in subsections (b) and (c) of this section, this subchapter does not annul, alter, affect, or exempt any person subject to the provisions of this subchapter from complying with the

---

**3.** Because they arise in a state with a legislatively recognized exemption, *see* 15 U.S.C. § 1681t(b)(1)(F), this court has not considered Ninth Circuit Court of Appeals cases from California cited by the plaintiff. Neither has the court considered several district court cases cited by either party which were decided *before* the 1996 amendments, in which

Congress added the "preemption of state law" clause. *See* Pub. Law 104–208, § 2419 (1996). The only exception is the court's citation to *Quigley, supra*, 2000 WL 1721069 *2 (N.D.Cal.2000), on the standing issue of § 1681s–2(a), which is not affected by § 1681t(b)(1)(F).

laws of any State with respect to the collection, distribution, or use of any information on consumers, except to the extent that those laws are inconsistent with any provision of this subchapter, and then only to the extent of the inconsistency.

15 U.S.C. § 1681t(a) (West 2002). The subsection which is the basis of GMAC's preemption argument is 15 U.S.C. § 1681t(b).

> (b) General exceptions
>
> No requirement or prohibition may be imposed under the laws of any State—
>
> > (1) with respect to any subject matter regulated under—
> >
> > > (F) section 1681s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply [to two statutory exemptions concerning Massachusetts and California].

15 U.S.C. § 1681t(b)(1)(F) (West 2002).

The Eleventh Circuit addressed the removability of FCRA cases in *Lockard v. Equifax, Inc.*, 163 F.3d 1259 (11th Cir. 1998), and most district courts have also addressed the FCRA in the context of removal.[4] However, the Eleventh Circuit and other Circuit Courts have not addressed the question before this court: whether § 1681t(b)(1)(F) preempts the plaintiff's state law claims in an FCRA suit filed in federal court that also alleges state law causes of action. Given the lack of Circuit Court authority, the starting point

for this court's analysis is *Carney v. Experian Information Solutions*, 57 F.Supp.2d 496 (W.D.Tenn.1999). In *Carney*, the plaintiff brought suit in the Tennessee state court against several defendants for violation of the FCRA and the Tennessee Consumer Protection Act. Two defendants moved for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c), arguing in part that the Tennessee Consumer Protection Act claims were preempted. The court dismissed the TCPA claims.

Defendants Exxon and G.E. Capital argue plaintiff's claims under state law are preempted by § 1681t(b)(1)(F) of the FCRA. That section provides that: "No requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under ... section 1681s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies ...." 15 U.S.C. § 1681t(b)(1)(F). As previously seen, § 1681s–2(a) & (c) preclude any civil liability by way of a private cause of action against furnishers of information who fail to provide accurate information after receiving notice from a consumer. To the extent the TCPA provides a private cause of action against furnishers of information in that situation, it relates to the subject matter of § 1681s–2(a) & (c) and conflicts with those provisions. Because the duties, responsibilities, and liabilities of furnishers of information upon receipt of notice from a consumer are regulated under § 1681s–2(a) & (c) of

---

4. *See, e.g., Watkins v. Trans Union, L.L.C.*, 118 F.Supp.2d 1217 (N.D.Ala.2000) (remanding case to state court on finding that complete preemption doctrine did not apply to state court complaint that could support a cause of action under the FCRA); *Saia v. Universal Card Services Corp.*, 2000 WL 863979 (E.D.La. 2000)(same); *Rule v. Ford Receivables, Inc.*, 36 F.Supp.2d 335 (S.D.W.Va.1999)(remanding case to state court after finding of no

complete preemption of plaintiff's state law claims under FCRA); *Swecker v. Trans Union Corp.*, 31 F.Supp.2d 536 (E.D.Va.1998)(remanding case on finding that defense of preemption could not provide basis for removal); *Sherron v. Private Issue by Discover*, 977 F.Supp. 804 (N.D.Miss.) (remanding case on finding that complete preemption did not apply).

the FCRA, there is a preemption of plaintiff's state law claim under the TCPA. *See* 15 U.S.C. § 1681t(b)(1)(F). Consequently, defendants' motion for judgment on the pleadings as to plaintiff's state law claim pursuant to the TCPA is granted.

*Carney,* 57 F.Supp.2d at 503. If the instant case included claims filed under Alabama state consumer protection laws, the court would readily adopt the rationale of *Carney* and find such claims preempted. This conclusion is based on the court's reading of the plain language of the statute, for 15 U.S.C. 1681T(b)(1)(F) clearly prohibits states from imposing requirements or prohibitions "with respect to any subject matter regulated under . . . section 1681s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b)(1)(F). Thus, there is no question that the statutory prohibition precludes suits under state consumer protection laws.

■ However, the plaintiff's complaint in the case at bar alleges FCRA and Alabama tort claims. The issue to be resolved is whether the conduct which gives rise to the plaintiff's FCRA claims (where any similar state consumer protection law claims are preempted) may also form the basis for state law claims such as negligence, defamation, invasion of privacy, and outrage. After careful consideration of all relevant precedent, the court concludes that the answer is no; the plaintiff's state claims are entirely preempted by 15 U.S.C. § 1681t(b)(1)(F).[5] In reaching this conclusion, the court notes the Eastern District of Pennsylvania opinion in *Jaramillo v. Experian Information Solutions, Inc.,* 155 F.Supp.2d 356 (E.D.Pa.2001). The *Jaramillo* Court reached a conclusion similar to *Carney,* holding that the plaintiff's claims under the Pennsylvania Consumer Protection Law were preempted. "It is clear from the face of section 1681t(b)(1)(F) that Congress wanted to eliminate all state causes of action 'relating to the responsibilities of persons who furnish information to consumer reporting agencies.' Any other interpretation would fly in the face of the plain meaning of the statute." *Id.,* at 361–62. The court continued,

> The plain language of 1681t(b)(1)(F) clearly eliminated all state causes of action against furnishers of information, not just ones that stem from statutes that relate specifically to credit reporting. To allow causes of action under state statutes that do not specifically refer to credit reporting, but to bar those that do, would defy the Congressional rationale for the elimination of state causes of action.

---

5. As the issue of preemption of state law claims has yet to be addressed by the Eleventh Circuit or other Circuit Courts, this court acknowledges that its ruling, while consistent with the opinions discussed in the body of this order, contradict several other district courts. *See, e.g., Mayberry v. Ememessay, Inc.,* 201 F.Supp.2d 687 (W.D.Va.2002) (dismissing on summary judgment plaintiff's FCRA claim but denying summary judgment on state law fraud and Virginia Consumer Protection Act claims); *Johnson v. Federal Express Corp.,* 147 F.Supp.2d 1268 (M.D.Ala.2001)(granting summary judgment on FCRA and outrage claims, but denying summary judgment as to false imprisonment claim under Alabama law); *Thomasson v. Bank One, Louisiana, N.A.,* 137 F.Supp.2d 721 (E.D.La.2001)(in case involving negligent infliction of emotional distress, state unfair trade practices act, federal Fair Debt Collection Practices Act, and the FCRA, denying motion to dismiss FCRA claims but granting motion as to Fair Debt Collection Practices Act claims); *Olexy v. Interstate Assurance Co.,* 113 F.Supp.2d 1045 (S.D.Miss.2000)(denying defendant's motion to dismiss complaint containing claims for violation of the FCRA and state law claims which included fraud, defamation, intentional infliction of emotional distress).

*Id.*, at 362. Accordingly, the *Jaramillo* Court dismissed plaintiff's state law defamation claim against defendant National City Bank. *Id.*, at 362. With no published rationale, the *Jaramillo* Court subsequently reversed itself as to the defamation claim, which was reinstated in a one-sentence order.[6] *Jaramillo v. Experian Information Solutions, Inc.*, 2001 WL 1762626, *1 (E.D.Pa.2001). The undersigned finds that the *Jaramillo* court's decision to reverse itself without explanation does not render the logic of the original opinion any less persuasive. Nor does the reversal alter this court's conclusions, which are a matter of statutory interpretation.

The court's conclusion that plaintiff's state law claims are preempted is consistent with the most recently reported 1681t(b)(1)(F) cases, *Hasvold v. First USA Bank, N.A.*, 194 F.Supp.2d 1228 (D.Wyo. 2002), *Aklagi v. Nationscredit Financial Services Corp.*, 196 F.Supp.2d 1186 (D.Kan.2002), and *Vazquez–Garcia v. Trans Union De Puerto Rico*, 222 F.Supp.2d 150 (D.P.R.2002). In *Hasvold*, delinquencies were wrongly assigned to the plaintiff's credit report based on credit cards which she had never plaintiff personally notified the bank of discrepancies and later filed claims for libel, "interference with prospective advantage", invasion of privacy, and violation of the FCRA. The court dismissed plaintiff's FCRA claims in part on plaintiff's concession that she could not state a 1681s–2(b)—private right of action—claim because the plaintiff had failed to report the disputed account information to the credit bureau. *Id.*, at 1231, 1233–34. The *Hasvold* court next rejected plaintiff's argument that her state law claims for defamation/libel and invasion of privacy were not preempted. The court recognized that "there is not complete agreement and unanimity in judicial discussions regarding the nature of the FCRA preemption with few discussions specifically addressing preemption of state law actions against furnishers of information." *Hasvold*, 194 F.Supp.2d at 1238. Citing the split in authority, the *Hasvold* court found the *Jaramillo* rationale, *supra*, persuasive (acknowledging that court's June 20, 2001, reconsideration), and concluded that "the FCRA preempts plaintiff's claims against the defendant relating to it as a furnisher of information." *Id.*, at 1239. The court therefore granted the defendant's motion to dismiss for failure to state a claim. *Id.*

In *Aklagi*, the plaintiff filed state law defamation and FCRA claims against the defendant, a mortgage lender and furnisher of credit information for purposes of the FCRA. In finding the state law defamation claims preempted, the *Aklagi* court drew a distinction found in *Dornhecker v. Ameritech Corp.*, 99 F.Supp.2d 918 (N.D.Ill. 2000)[7]:

B. State Law Defamation Claim.

As earlier indicated, [the defendant Nationscredit Financial, doing business as] EquiCredit[,] argues that the Aklagis' defamation claim is preempted by FCRA. The statute contains two preemption provisions that arguably apply

---

6. The court notes with disapproval the tone adopted by the plaintiff and GMAC in their briefs on the motion to dismiss. In making such statements to the court as "Defendant apparently failed to shepardize [*Jaramillo*]" (Doc. 39), and "plaintiff simply disregarded what the courts have said" (Doc. 56), the parties do not advance the interests of their clients.

7. The *Dornhecker* court concluded that state law claims based on a credit furnisher's reporting of inaccurate information before receiving notice of a discrepancy from a credit reporting agency were not matters regulated by § 1681s–2 and were therefore not preempted, but instead should be analyzed for preemption under 15 U.S.C. § 1681h(e). *Dornhecker*, 99 F.Supp.2d at 930–31.

in this case: (1) § 1681t(b)(1)(F), which provides furnishers of credit information with absolute immunity; and (2) § 1681h(e), which provides furnishers of credit information with qualified immunity.

1. Preemption Under § 1681t(b)(1)(F).

Section 1681t(b)(1)(F), the absolute immunity provision, provides:

> No requirement of prohibition may be imposed under the laws of any State— ... *with respect to any subject matter regulated under ... section 1681s–2 of this title,* relating to the responsibilities of persons who furnish information to consumer reporting agencies ...

(Emphasis added.) Thus, to the extent that EquiCredit's conduct falls within the "subject matter regulated under ... section 1681s–2," the Aklagis' state law defamation claims against EquiCredit are preempted. In this regard, EquiCredit's conduct must be broken down into two discrete time periods: (1) the time period between when EquiCredit made the loan and when it first received notice of the Aklagis' dispute; and (2) the time period after EquiCredit received notice of the Aklagis' dispute.

The court will first discuss the second time period. As discussed above, to the extent that EquiCredit furnished inaccurate information *after* receiving notice of the Aklagis' dispute in late 1999, EquiCredit's conduct in this case falls squarely within § 1681s–2(a)(1)(B) and, therefore, it is 'subject matter regulated under ... section 1681s2 of this title.' Accordingly, any state law defamation claim predicated on EquiCredit furnishing inaccurate information to a consumer reporting agency *after* EquiCredit received notice of the Aklagis' dispute is completely preempted by § 1681t(b)(1)(F). *See, e.g., Hasvold,* 194 F.Supp.2d at 1238–39 (concluding that

§ 1681t(b)(1)(F) preempted the plaintiff's claims against the defendant, who was a furnisher of credit information); *Jaramillo,* 155 F.Supp.2d at 361–62 (same).

*Aklagi,* 196 F.Supp.2d at 1194–95.

In *Vazquez–Garcia v. Trans Union De Puerto Rico,* 2002 WL 31094882 (D.P.R. 2002), plaintiff was alerted by a Sears representative to a delinquent balance on a Sears credit card. Plaintiff told the Sears representative he had never applied for such a card and subsequently notified the credit bureau Trans Union. Trans Union investigated and issued a revised credit report which still listed an erroneous outstanding debt to Sears. Plaintiff thereafter filed suit against Trans Union and eight other defendants, including Sears, a furnisher of information to the credit reporting agency, alleging FCRA and state law claims.

The *Vazquez–Garcia* Court noted the discrepancies created by the 1996 amendments to the FCRA and particularly by § 1681t(b)(1)(F):

> It is clear from above that the new § 1681t(b)(1)(F) provides furnishers of information with what amounts to be absolute immunity from state law claims, while the original § 1681h(e) afforded furnishers of information with only qualified immunity. Also clear is the conflict these two statutory provisions apparently create. A few courts analyzing this issue have held that the new section created by Congress, § 1681t(b)(1)(F), has completely preempted all state causes of action, and, thus, also eliminating any possibility of supplemental claims under local law, in these type of cases (save, of course, with respect to section 54A(a) of chapter 93 of the Massachusetts Annotated Laws and to section 1785.25(a) of the California Civil Code). *See, e.g.,*

*Hasvold,* 194 F.Supp.2d at 1239 (dismissing state claims because "federal law under the FCRA preempts plaintiff's claims against the defendant relating to it as a furnisher of information"); *Jaramillo,* 155 F.Supp.2d at 362 ("The plain language of section 1681t(b)(1)(F) clearly eliminated all state causes of action against furnishers or information, not just ones that stem from statutes that relate specifically to credit reporting. To allow causes of action under state statutes that do not specifically refer to credit reporting, but to bar those that do, would defy the Congressional rationale for the elimination of state causes of action").

*Id.,* at 161 (emphasis in original). Distinguishing *Hasvold* and the first *Jaramillo* opinion, the *Vazquez–Garcia* court struck a middle ground short of complete preemption consistent with the *Aklagi* precedent. After reviewing all three cases, the *Vazquez–Garcia* court concluded,

> Any state law claims made as to acts occurred after the consumer reporting agency receives notice of the consumer's dispute is covered by section 1681s–2. And because § 1681t(b)(1)(F) specifically provides for absolute immunity "with respect to any matter regulated by section 1681s–2 ... relating to the responsibilities of persons who furnish information to consumer reporting agencies," all state law claims against the furnisher for acts occurred after the consumer reporting agency receives notice of the consumer's dispute, are totally preempted by the FCRA. In other words, to the extent that Sears may have furnished inaccurate information after receiving notice of plaintiff's dispute, any state law claim by plaintiff for said act is

pre-empted by federal law. *See Aklagi,* 196 F.Supp.2d at 1194–95.

*Id.,* at 162–63 (emphasis in original).[8]

The instant case only alleges conduct by GMAC and the other defendants *after* they received notice from the credit reporting agencies of a discrepancy. *See* (Docs. 1, 13, at ¶ 10). Thus, there is no need for a § 1681h(e) analysis. Applying the rationale of the *Aklagi, Hasvold,* and *Vazquez–Garcia* Courts to the instant case, the court finds that the plaintiff's state law claims all relate to "subject matter regulated under ... section 1681s–2" of the Fair Credit Reporting Act. 15 U.S.C. § 1681t(b)(1)(F). Accordingly, the court holds that the plaintiff's state law claims against GMAC based on the alleged furnishing of inaccurate information to credit reporting agencies in violation of 15 U.S.C. § 1681s–2(b) are completely preempted by 15 U.S.C. § 1681t(b)(1)(F).

## CONCLUSION

For the reasons stated, GMAC's motions to dismiss plaintiff's state law claims (Docs.6, 16) are **GRANTED**. It is **ORDERED** that plaintiff's state law claims be, and they hereby are **DISMISSED** pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. The plaintiff shall proceed against GMAC Indianapolis and GMAC South Bend on plaintiff's 1681s–2(b) claims only.

---

8. Because it concluded that any claims against Sears *before* it had notice of the dispute were not preempted, the court denied Sears motion to dismiss. The instant case contains no such similar allegations.