307 F.Supp.2d 1207 (2004)
Patricia WOLTERSDORF, Plaintiff,
v.
PENTAGON FEDERAL CREDIT UNION, Defendant.
No. CV-03-H-2820-S.
United States District Court, N.D. Alabama, Southern Division.
March 12, 2004.
*1208 Charles J. Lorant, Penny D. Hays, Alabama Injury Lawyers PC, Birmingham, AL, for plaintiff/counter-defendant.
Emily Sides Bonds, Kary B. Wolfe, Walston Wells Anderson & Bains LLP, Birmingham, AL, for defendant/counter-claimant.

MEMORANDUM OF DECISION AND ORDER
Hancock, Senior District Judge.
The court has before it the October 23, 2003 motion of Pentagon Federal Credit Union ("PFCU") to dismiss Counts One, Two, and Six of the Complaint in their entirety, as well as portions of Count Three of plaintiff's amended complaint under Rule 12(b)(6), Fed.R.Civ.P. Defendant alternatively moves the court to dismiss these same Counts under Rule 12(c), Fed.R.Civ.P., to the extent the court concludes that a 12(b)(6) motion is improper due to its determination that defendant has previously answered such allegations of plaintiff's complaint. The court stated in its November 3, 2003 order that the motion would be viewed as a motion for judgment on the pleadings. Defendant submitted a brief in support of its motion on November 19, 2003. Plaintiff submitted a brief in opposition to defendant's motion on December 15, 2003. The motion was taken under submission as of that same date.

I. Background
Plaintiff originally filed this action in Jefferson County Circuit Court on October 18, 2002. (See Exh. 1 to Def.'s Notice of Removal [Doc. # 1], hereinafter "Compl.") *1209 Defendant timely answered plaintiff's initial complaint in Jefferson County on December 2, 2002. (Exh. 3 to Doc. # 1.) That original complaint contained only state law claims. (See Compl.) The suit was then transferred, on defendant's motion, to Shelby County Circuit Court on February 14, 2003. (See Exh. 8 to Def.'s Notice of Removal.) Following the transfer to Shelby County, plaintiff filed an amended complaint on September 25, 2003 that, for the first time, asserted federal law claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. (1994 & Supp. II 1996). (See Exh. 31 to Def.'s Notice of Removal, hereinafter "Amend. Compl.") On October 16, 2003, the defendant, asserting both federal question and diversity jurisdiction, removed the case to this court.
The pleadings reflect that this case arises from plaintiff's allegations that PFCU issued a credit card in plaintiff's name without plaintiff's authorization. (Compl. at ¶ 5.) The account became delinquent. (Id.) Plaintiff further alleges that PFCU had knowledge that she had disputed the account (Id. at ¶ 8.) Plaintiff then alleges, generally, that PFCU proceeded to report the delinquency of the account to consumer consumer credit reporting agencies. (Id. at ¶ 5.) These alleged acts form the basis of plaintiff's state law claims of "Placed in False Light" (Compl. Count One); "Defamation, Liable [sic] and Slander" (Compl. Count Two); "Reckless and Wanton Conduct" (Compl. & Amend. Compl. Count Three) arising out of the extension of credit, failure to adopt protective policies regarding its communications, and failure to train employees on procedures regarding communication of consumer credit information; "Reckless and Wanton Training and Supervision Related to the FCRA." (Amend. Compl. Count Six.). Additionally, the alleged acts are the basis of plaintiff's two federal law claims articulated in Count Four and Count Five of the amended complaint. Both counts allege violations of the FCRA, § 1681s-2(b). (Amend. Compl. Counts Four, Five.)

II. Judgment on the Pleadings Standard
Judgment on the pleadings is appropriate where there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts. Horsley v. Rivera, 292 F.3d 695, 700 (11th Cir.2002). The court may grant either a motion to dismiss or a motion for judgment on the pleadings only where it is beyond doubt that the non-movant can prove no facts that would support his claim for relief. Pataula Elec. Membership Corp. v. Whitworth, 951 F.2d 1238, 1240 (11th Cir.) cert. denied 506 U.S. 907, 113 S.Ct. 302, 121 L.Ed.2d 225 (1992).

III. Discussion

A. Unsettled Question of Controlling Law
The salient issue before the court is whether the FCRA preempts plaintiff's state law claims that relate to PFCU's responsibilities as a furnisher of information to consumer credit reporting agencies. Two subsections of the FCRA are relevant to this question. First, § 1681t(b)(1),[1] *1210 which provides furnishers of credit with absolute immunity from state law claims when fulfilling their reporting obligations under § 1681s-2.[2] Second, § 1681(h)(e), which provides furnishers of credit information with qualified immunity from suits "proceeding in the nature of defamation, invasion of privacy, or negligence ..."[3] Section 1681t(b)(1)(F) was added to the FCRA by Congress in a 1996 amendment.[4] This newer language provides limits on state law liability that are both broader and more narrow than the older § 1681h(e) language.
Section 1681t(b)(1)(F) is broader than 1681h(e) in that it preempts all state law claims that may arise from a person's furnishing of credit information to a consumer reporting agency, whereas 1681h(e) only preempts state law claims "in the nature of defamation, invasion of privacy, or negligence" to the extent that such claims do not result from willful or malicious conduct. But 1681t(b)(1)(F) is also more narrow than 1681h(e) in that the protections of 1681t(b)(1)(F) are not triggered until after a furnisher is notified by a consumer reporting agency of a consumer's dispute, whereas the 1681h(e) protections are available at all times. See infra at n. 1-3. This cumbersome overlap of the two subsections has resulted in disagreement among courts about how best to harmonize them in application. Riley v. Gen. Motors Acceptance Corp., 226 F.Supp.2d 1316, 1322 (S.D.Ala.2002) (discussing the various *1211 approaches to analyzing the two provisions).
The courts that have wrestled with the issue at bar have reached differing results. Some have concluded, as defendant urges this court to conclude, that there is complete preemption of state law claims. In other words, these courts hold that the newer language (§ 1681t(b)(1)(F)) supercedes the older (§ 1681h(e)) altogether, and thus all state law causes of action relating to the duties of persons who furnish information to consumer credit reporting agencies are preempted by the newer § 1681t(b)(1)(F). See, e.g., Purcell v. Universal Bank, N.A., 2003 WL 1962376, *5 (E.D.Pa. April 28, 2003); Hasvold v. First USA Bank, N.A., 194 F.Supp.2d 1228, 1239 (D.Wyo.2002); Jaramillo v. Experian Info. Solutions, Inc., 155 F.Supp.2d 356, 361-62 (E.D.Pa.2001); Carney v. Experian Info. Solutions, Inc., 57 F.Supp.2d 496, 503 (W.D.Tenn.1999). According to these courts, no state law tort claims relating to the furnishing of information to a consumer reporting agency are ever permissible, regardless of whether the claims involve conduct before or after the furnisher of information received notice of a dispute from a consumer reporting agency.
Other courts have held that the § 1681t(b)(1)(F) preemption provision is more limited in scope. Relying on the plain language of the statute,[5] these courts hold that state law tort claims are preempted by § 1681t(b)(1)(F) only if they involve conduct by the furnisher of credit information after that furnisher was made aware that the information was false or disputed by a consumer reporting agency.[6]See, e.g., Stafford v. Cross Country Bank, 262 F.Supp.2d 776 (W.D.Ky.2003); Aklagi v. Nationscredit Fin. Serv. Corp., 196 F.Supp.2d 1186, 1194-95 (D.Kan.2002); see also Riley, 226 F.Supp.2d at 1324.
This court notes with particular interest that among appellate courts only the Fifth Circuit has spoken, albeit indirectly, to the question of the relationship of state law claims to the protections provided providers of credit information under the FCRA. See Young v. Equifax Credit Info. Services, Inc., 294 F.3d 631, 638-640 (5th Cir.2002) (giving effect to the qualified protections of § 1681h(e) while recognizing the notice required to trigger the duties of § 1681s-2(b)).
The courts that have found complete preemption of state law claims have done so by concluding that the 1996 amendment to the FCRA superceded the liability limitation provisions that already existed in the statute at § 1681h(e). See, e.g., Jaramillo, 155 F.Supp.2d at 361-62. However, nothing in the 1996 amendment compels such a conclusion. And to imply Congress's intent to repeal a previously *1212 existing provision in the statute without a clear statement in the amendment to that effect[7] is an unwieldy act of legislation that this court ought not and will not undertake. See TRW Inc. v. Andrews, 534 U.S. 19, 31, 122 S.Ct. 441, 151 L.Ed.2d 339 (2001).[8]
For this court to adopt the defendant's position that passage of the 1996 amendment to the FCRA implicitly superceded (without explicitly repealing) § 1681h(e) it would have to do precisely what the United States Supreme Court has instructed not be done: to cause § 1681h(e) to become nothing more than superfluous to the statute. Moreover, one might conclude from a reading of the plain language of the statute that the two provisions can (and perhaps were intended to) coexist. As noted above, both § 1681t(b)(1)(F) and § 1681h(e) limit liability arising out of the reporting of credit information. 15 U.S.C. §§ 1681h(e), 1681t(b)(1)(F); see also 15 U.S.C. § 1681s-2. But, the absolute bar of § 1681t(b)(1)(F) applies only after a consumer reporting agency notifies a furnisher of credit information of a consumer's dispute. See 15 U.S.C. § 1681s-2(b)(1); see also 15 U.S.C. § 1681i(a)(2). The more limited liability restrictions of § 1681h(e) apply both before and after a consumer reporting agency notifies a furnisher of information of a consumer's dispute. 15 U.S.C. § 1681h(e).
A practical example may shed some light on the mechanics of the court's interpretation of the statute. In this example, Visa will serve as the furnisher of information and Equifax will serve as the consumer reporting agency. Chris will be our consumer. Chris is surprised to receive in the mail a delinquency notice from Visa stating that she has a Visa credit card account with an overdue balance of $1,000.00. Chris contacts Visa. She notifies Visa that she never authorized the account nor the charges on it. At this point, under this court's interpretation of the statutory scheme, Visa has not yet come under the preemption protections of § 1681t(b)(1)(F). However, Chris's possible claims (of defamation, invasion of privacy, or negligence with respect to the reporting of information) against Visa are presently barred. They are barred, that is, unless Chris can show that Visa wilfully or maliciously furnished Equifax with false information regarding the account in Chris's name. Blissfully unaware of her potential legal claims, Chris next calls Equifax and obtains a credit report reflecting the $1000.00 overdue balance on the Visa credit card issued in her name. Chris calls Equifax back and disputes the $1000.00 overdue Visa balance. Equifax then notifies Visa of Chris's dispute. Under the statute, at this point, and only at this point, are the absolute preemption of state law claim protections of § 1681t(b)(1)(F) triggered.
For all of these reasons, the court finds wholly unpersuasive those decisions which hold § 1681t(b)(1)(F) to implicitly supercede § 1681h(e) and to completely preempt all state law claims regarding the responsibilities of individuals furnishing credit information to consumer reporting agencies. Accordingly, since it is possible for the court to do so, both § 1681h(e) and *1213 § 1681t(b)(1)(F) must be given equal effect. See Branch v. Smith, 538 U.S. 254, 273, 123 S.Ct. 1429, 155 L.Ed.2d 407 (2003). To do this, the court determine if and, more importantly, when the protections of § 1681t(b)(1)(F) are alleged to have been triggered.

B. Count One
Count One of plaintiff's complaint, alleging plaintiff was "Placed in False Light", asserts conduct by PFCU that was the result of its reporting credit information to consumer reporting agencies after it was aware of plaintiff's dispute. (Compl. at ¶¶ 8-9.) The injuries alleged in Count One are a result of PFCU's reporting. (Id. at ¶ 11.) Such a claim is completely preempted by § 1681t(b)(1)(F). Therefore, Count One of plaintiff's complaint is DISMISSED WITH PREJUDICE because, as a matter of law, plaintiff can present no facts that would support her claim for relief.

C. Count Two
Count Two of plaintiff's complaint alleges plaintiff was defamed, libeled, and slandered by PFCU. Plaintiff additionally alleges that false and defamatory statements were made by PFCU to "credit reporting agencies, and/or other third parties ..." (Compl. at ¶ 15.) Plaintiff also alleges that at the time these statements were made, defendant had knowledge of the falsity of the statements. (Compl. at ¶ 18.) Because of the present status of the statutory scheme, this count is more difficult to deal with than Count One. However, under § 1681t(b)(1)(F) it is clear that to the extent plaintiff is alleging she was defamed, libeled, or slandered through PFCU's reporting of credit information to consumer credit agencies after PFCU was notified by a consumer reporting agency of the falsity of that information, those claims are preempted and are DISMISSED WITH PREJUDICE. But to the extent plaintiff is alleging that she was defamed, libeled, or slandered through PFCU's passing of her credit information on to other third parties not related to PFCU's § 1681s-2 reporting duties, the count is DISMISSED WITHOUT PREJUDICE WITH RIGHT TO AMEND BY MARCH 10, 2004 to address, on belief or information, allegations of conduct not directly or indirectly related to PFCU's § 1681s-2 reporting duties. Additionally, to the extent plaintiff claims she was defamed, libeled, or slandered prior to the time the protections of § 1681t(b)(1)(F) were triggered, the count is DISMISSED WITHOUT PREJUDICE WITH RIGHT TO AMEND BY MARCH 10, 2004 to address, on belief or information, allegations of conduct overcoming the qualified immunity provided to PFCU by § 1681h(e).

D. Count Three
Count Three alleges that PFCU recklessly and wantonly failed to adopt policies and to train employees relating to the furnishing of information to consumer reporting agencies.[9] Again the claim and the extent of the court's dismissal of this claim pursuant to defendant's motion must be parsed in light of the present statutory structure. To the extent plaintiff is alleging reckless and wanton conduct related to PFCU's reporting of credit information to consumer credit agencies after PFCU was notified by a consumer reporting agency of the falsity of such information, the claim is *1214 preempted and is DISMISSED WITH PREJUDICE. But to the extent plaintiff is alleging PFCU was reckless and wanton in its conduct of passing plaintiff's credit information on to third parties not related to PFCU's § 1681s-2 reporting duties, the count is DISMISSED WITHOUT PREJUDICE WITH RIGHT TO AMEND BY MARCH 10, 2004 to address, on belief or information, allegations of conduct not directly or indirectly related to PFCU's § 1681s-2 reporting duties. Additionally, to the extent plaintiff claims defendant wantonly and recklessly adopted policies and failed to train its employees in the passing of credit information prior to the time the protections of § 1681t(b)(1)(F) were triggered, the count is DISMISSED WITHOUT PREJUDICE WITH RIGHT TO AMEND BY MARCH 10, 2004 to more specifically address, on belief or information, allegations of conduct overcoming the qualified immunity provided to PFCU by § 1681h(e). The remainder of the claims found in Count Three of the Complaint are UNDISTURBED.

E. Count Four
Finally, defendant has moved to dismiss Count Six of plaintiff's Complaint in its entirety. Count Six alleges defendant recklessly and wantonly failed to train and supervise its employees with regard to investigation and reporting duties imposed by § 1681s-2(b) of the FCRA. The fate of this claim is the same as the claim addressed in Part C above. That is, to the extent plaintiff is alleging reckless and wanton conduct related to PFCU's reporting of credit information to consumer credit agencies after PFCU was notified by a consumer reporting agency of the falsity of such information, the claim is preempted and is DISMISSED WITH PREJUDICE. But to the extent plaintiff is alleging PFCU was reckless and wanton in its conduct of passing plaintiff's credit information on to third parties not related to PFCU's § 1681s-2 reporting duties, the count is DISMISSED WITHOUT PREJUDICE WITH RIGHT TO AMEND BY MARCH 10, 2004 to address, on belief or information, allegations of conduct not directly or indirectly related to PFCU's § 1681s-2 reporting duties. Additionally, to the extent plaintiff claims defendant wantonly and recklessly failed to supervise and train its employees with regard to the duties imposed under § 1681s-2(b) prior to the time the protections of § 1681t(b)(1)(F) were triggered, the count is DISMISSED WITHOUT PREJUDICE WITH RIGHT TO AMEND BY MARCH 10, 2004 to more specifically address, on belief or information, allegations of conduct overcoming the qualified immunity provided to PFCU by § 1681h(e).

F. Counts Four and Five
Defendant's motion did not address either Count Four or Five. Both counts allege claims under the FCRA, not state law. They remain UNDISTURBED.

IV. Conclusion
For the reasons stated, Pentagon Federal Credit Union's motion for judgment on the pleadings is GRANTED AS SET FORTH HEREIN. Also as set forth herein, should plaintiff desire to amend his complaint so as to restate claims dismissed without prejudice by this order, plaintiff has leave to do so until March 10, 2004.
NOTES
[1] 15 § 1681t provides in relevant part:

(a) In general
Except as provided in subsections (b) and (c) of this section, this subchapter does not annul, alter, affect, or exempt any person subject to the provisions of this subchapter from complying with the laws of any State with respect to the collection, distribution, or use of any information on consumers, except to the extent those laws are inconsistent with any provision of this subchapter, and then only to the extent of the inconsistency.
(b) General Exceptions
No requirement or prohibition may be imposed under the law of any State 
(1) with respect to any subject matter regulated here under
* * *
(F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply [to two statutory provisions of California and Massachusetts].
15 U.S.C. § 1681t (emphasis added).
[2] PFCU's duties in the context of plaintiff's claims arise under 15 § 1681s-2:

(b) Duties of furnishers of information upon notice of dispute
(1) In general
After receiving notice [from a consumer reporting agency] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall 
(A) conduct an investigation with respect to the disputed information;
(B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
(C) report the results of the investigation to the consumer reporting agency; and
(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.
15 U.S.C. § 1681s-2.
[3] Section 1681h(e) provides in full:

(e) Limitation of liability
Except as provided in sections 1681n and 1681o, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m, or based on information disclosed by a user of a consumer report to or for a consumer against who the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.
15 U.S.C. § 1681h(e).
[4] That amendment made no mention whatsoever of the earlier § 1681h(e) language.
[5] Specifically, these courts can look to the provision of the statute stating that private enforceable duties of furnishers do not arise until "[a]fter [the furnisher] receives notice [from a consumer reporting agency] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency." 15 U.S.C. § 1681s-2(b)(1) (emphasis added); see also 15 U.S.C. § 1681i(a)(2) (identifying consumer reporting agencies as the only party from whom the furnisher must receive notice of the dispute.)
[6] The complexity of the statute is magnified by a number of moving parts. Specifically, § 1681t(b)(1)(F) refers to the duties imposed by § 1681s-2(b) which in turn are triggered by events described in § 1681i(2). Translated into english, that means that under the newer provision all state law claims are preempted (see § 1681t(b)(1)(F)) when they involve conduct related to the reporting of information to a consumer reporting agency (see § 1681s-2(b)) after the person has been notified of a dispute by a consumer reporting agency (see § 1681i(2)).
[7] This is especially true where, as here, such a statement could be so easily made.
[8] The Supreme Court stated in TRW that "[i]t is a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." 534 U.S. at 31, 122 S.Ct. 441 quoting Duncan v. Walker, 533 U.S. 167, 174, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001)(internal quotation marks omitted).
[9] In addition, Count Three alleges that PFCU recklessly and wantonly extended credit to individuals who fraudulently used the identity of plaintiff and that PFCU recklessly and wantonly failed to train its employees regarding the fraudulent use of accounts. PFCU's motion explicitly does not seek dismissal of these claims.